1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   ROBERT RAM,                        No. 2:20-CV-00319 WBC CKD

13              Plaintiff,

14       v.                             MEMORANDUM AND ORDER RE:
                                        MOTION TO REMAND
15   FCA US LLC; ELK GROVE AUTO
     GROUP, INC. DBA ELK GROVE DODGE;
16   and DOES 1 through 20,
     inclusive,
17
                Defendants.
18

19                              ----oo0oo----

20

21          In 2018, plaintiff leased a new 2018 Ram 1500, which he

22   claims suffered from several defects and nonconformities to

23   warranty which were not properly repaired.  Accordingly, in

24   January of 2020, plaintiff filed suit in state court against FCA

25   US LLC ("FCA"), as the manufacturer of the vehicle, and Elk Grove

26   Auto Group, Inc. ("Auto Group"), as the dealer.  Against

27   defendant FCA only, the complaint alleged breach of implied

28   warranty of merchantability under the Song-Beverly Warranty Act

                                      1

1  (the "Act"), Cal. Civ. Code §§ 1790-1795.8; and breach of express

2  warranty under the Act.  Against defendant Auto Group only, the

3  complaint alleged a claim for negligent repair.

4          Subsequently, on February 11, 2010, defendants removed

5  the action to this court based upon diversity of citizenship.

6  Plaintiff is a citizen and resident of California, and FCA is a

7  Delaware Corporation with its principal place of business in

8  Michigan.  In removing the action, defendants alleged that,

9  although Auto Group is a citizen of California, such that its

10  involvement in this action would destroy complete diversity,

11  plaintiff's joinder of Auto Group was fraudulent and therefore

12  does not defeat diversity.  (Notice of Removal ¶¶ 24-28.)

13  Plaintiff now moves to remand upon the ground that this court

14  does not have original jurisdiction over the action.  (Mot. to

15  Remand at 5.)

16          A. <u>Motion to Remand</u>

17          A defendant may remove "any civil action brought in a

18  State court of which the district courts . . . have original

19  jurisdiction."  28 U.S.C. § 1441.  Original jurisdiction based

20  upon diversity of citizenship exists where there is complete

21  diversity and the amount-in-controversy exceeds $75,000.  28

22  U.S.C. § 1332(a); <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68

23  (1996).  "In determining whether there is complete diversity,

24  district courts may disregard the citizenship of a non-diverse

25  defendant who has been fraudulently joined."  <u>Grancare, LLC v.</u>

26  <u>Thrower by & through Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018).

27          "There are two ways to establish fraudulent joinder:

28  '(1) actual fraud in the pleading of jurisdictional facts, or (2)

1  inability of the plaintiff to establish a cause of action against

2  the non-diverse party in state court.'" Grancare, 889 F.3d at

3  548 (9th Cir. 2018) (quoting Hunter v. Philip Morris USA, 582

4  F.3d 1039, 1044 (9th Cir. 2009)).  Here, defendants allege that

5  Auto Group was fraudulently joined because plaintiff cannot

6  establish a cause of action against Auto Group.  (Docket No. 11

7  at 5-8.)

8          To establish fraudulent joinder, therefore, defendants

9  must show that Auto Group "cannot be liable on any theory." Id.

10 (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th

11 Cir. 1998)).  The failure to state a cause of action must be

12 "obvious according to the settled rules of the state." Morris v.

13 Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

14 "[I]f there is a possibility that a state court would find that

15 the complaint states a cause of action against any of the

16 resident defendants, the federal court must find that the joinder

17 was proper and remand the case to the state court." Grancare,

18 889 F.3d at 549 (quoting Hunter, 582 F.3d at 1046); see also

19 Madison v. Ford Motor Co., No. 2:19-CV-00853 WBS DB, 2019 WL

20 3562386, at *2 (E.D. Cal. Aug. 6, 2019).  Thus, "the district

21 court must consider . . . whether a deficiency in the complaint

22 can possibly be cured by granting the plaintiff leave to amend."

23 Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 550

24 (9th Cir. 2018).  "A defendant invoking federal court diversity

25 jurisdiction on the basis of fraudulent joinder bears a 'heavy

26 burden' since there is a 'general presumption against [finding]

27 fraudulent joinder.'" Id. (quoting Hunter, 582 F.3d at 1046).

28 Accordingly, the court now considers whether the complaint

3

1  possibly pleads a cause of action against Auto Group.

2          Here, against defendant Auto Group, plaintiff pleads

3  only a state law claim for negligent repair.  Defendants contend

4  that the economic loss rule bars recovery upon this claim.

5  (Opp'n at 6.)  This court has said it before and will say it

6  again: "California law is not so settled that a plaintiff could

7  not possibly recover against a dealership for negligent repair of

8  a vehicle."  Lytle v. Ford Motor Co., No. 2:18-CV-1628 WBS EFB,

9  2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) (citing Forward-

10  Rossi v. Jaguar Land Rover N. Am., LLC, No. 216CV00949CASKSX,

11  2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016)).  Indeed, every

12  district court to consider this issue has found that such a claim

13  is at least possible, regardless of the economic loss rule.  See,

14  e.g., Sabicer v. Ford Motor Co., 362 F. Supp. 3d 837, 841 (C.D.

15  Cal. 2019); Viramontes v. FCA US LLC, No. 20-cv-2046-MWF (JCX),

16  2020 WL 2318203, at *4 (C.D. Cal. May 11, 2020); Simmons v. Ford

17  Motor Co., No. 19-CV-04802-EJD, 2020 WL 1151197, at *2 (N.D. Cal.

18  Mar. 10, 2020); Krasner v. Ford Motor Co., No. 18-cv-01602 TLN

19  KJN, 2019 WL 1428116, at *4 (E.D. Cal. Mar. 29, 2019); Madison v.

20  Ford Motor Co., No. 2:19-CV-00853 WBS DB, 2019 WL 3562386, at *2

21  (E.D. Cal. Aug. 6, 2019).

22          Because defendants fail to show that plaintiff's

23  negligent repair claim is "impossible as a matter of law," the

24  court finds that joinder was proper and this court therefore

25  lacks original jurisdiction because the parties are not

26  completely diverse.  See Tasch v. Ford Motor Co., No. CV 18-380-

27  R, 2018 WL 3956493, at *2 (C.D. Cal. Aug. 16, 2018); see also

28  Grancare, 889 F.3d at 549.

4

1        B.    Dismissal of Auto Group under Rule 21

2              A court "may cure jurisdictional defects by dismissing

3  dispensable nondiverse parties under Federal Rule of Civil

4  Procedure 21." Madison v. Ford Motor Co., No. 2:19-CV-00853 WBS

5  DB, 2019 WL 3562386, *4 (E.D. Cal. Aug. 6, 2019) (citing Newman-

6  Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33 (1989)).

7  Defendants ask the court to exercise its discretion under Rule 21

8  and to dismiss Auto Group as a party to preserve complete

9  diversity.  (Opp. to Mot. to Remand at 9-11.)  The court declines

10 to do so.  As this court has previously found under nearly

11 identical circumstances, severance "would defeat the purpose of

12 permissive joinder" -- convenience and efficiency.  Id.  Here,

13 "the claims against both defendants are sufficiently intertwined,

14 factually and legally, such that severance would be inconvenient

15 and inefficient." See id.  Accordingly, the court will not

16 dismiss Auto Group from this litigation.

17       C.    Attorney's Fees

18             Plaintiff requests an award of attorney's fees and

19 costs pursuant to 28 U.S.C. § 1447(c).  (Reply at 7 (Docket No.

20 8).)  "An order remanding the case may require payment of just

21 costs and any actual expenses, including attorney fees, incurred

22 as a result of the removal."  28 U.S.C. § 1447(c).  The standard

23 for awarding fees turns on the "reasonableness of the attempted

24 removal." See Moore v. Permanente Med. Grp., 981 F.2d 443, 446-

25 47 (9th Cir. 1992).  "Absent unusual circumstances, courts may

26 award attorney's fees under § 1447(c) . . . where the removing

27 party lacked an objectively reasonable basis for seeking

28 removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141

                                5

1  (2005).

2          Defendants' only basis for removal was the

3  applicability of the economic loss rule to plaintiff's negligent

4  repair claim.  This court and other California district courts

5  have rejected defendants' misapplication of the rule in very

6  similar circumstances over and over again, see supra, and the

7  court is not aware of any cases to the contrary.  Indeed, defense

8  counsel in this case was counsel of record in least two cases

9  before this court where counsel made the same arguments, and the

10  court nonetheless remanded the case to state court.  See Ramos v.

11  FCA LLC, No. 2:19-CV-02620 WBS CKD, 2020 WL 869145, at *3 (E.D.

12  Cal. Feb. 20, 2020)(awarding attorney's fees where "defendants

13  [could] not offer any authority suggesting that similar

14  allegations of a sale of a defective vehicle were insufficient to

15  state a claim"); Lytle, 2018 WL 4793800, at *4 n.3 (awarding

16  attorney's fees where "[defendant] has repeatedly attempted

17  unsuccessfully to remove cases to federal court on fraudulent

18  joinder grounds").

19          Considering these circumstances, defense counsel had

20  no reasonable basis to believe removal of this action was proper.

21  The court will therefore order payment to plaintiff of attorney's

22  fees associated with defendants' removal.

23          IT IS THEREFORE ORDERED that plaintiff's Motion to

24  Remand (Docket No. 8) be, and the same hereby is, GRANTED, and

25  this action is hereby REMANDED to the Superior Court of the State

26  of California, in and for the County of Sacramento; and

27          IT IS FURTHER ORDERED that plaintiff's request for an

28  award attorneys' fees and expenses be, and the same hereby is,

GRANTED, and defendants shall pay plaintiff the sum of $1,800 in

attorneys' fees, costs and expenses.

Dated:   June 12, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7